The next case called for oral argument is People v. Sadiq. Before we start, there is a motion. We have a motion to file a response to the motion to file supplemental briefs in standard. We grant the motion to file supplemental briefs. Counsel, you may proceed. Should we give them a time period? If you wish to respond. I just have one question. That is whether I would be committed to file a supplemental brief in response. Absolutely. Absolutely. How much time would you like? Sure. Absolutely. Counsel? Thank you, Your Honor. May it please the Court. Counsel? Now that the motion for leaving to file in standard a supplemental brief has been granted, may I argue the issue is addressed in that supplemental brief? Yes, you may. Well, let me start with those two issues raised in the supplemental brief. Those are the two issues that this Court directed the parties to address. First, whether the Circuit Court promptly admonished Sadiq after revoking probation and sentencing him. Well, here the parties agree. Sadiq was not properly admonished under Supreme Court Rule 605A. The judge told Sadiq he had a right to appeal, but the judge did not mention the four other points that Rule 605A obliged him to admonish on. For example, the judge did not tell Sadiq he had a right to appoint a counsel, and the judge did not tell Sadiq he needed to file a notice of appeal within 30 days in order to preserve his right to appeal. So the admonishments were improper. Second issue, does the impropriety of the admonishments require a remand for proper admonishments? Yes, remand is required here. In the Henderson decision from 2005, our Supreme Court made clear that when the improper admonishments put the defendant at risk of completely losing his right to appeal from a judgment, strict compliance with the rule governing admonishments is required, and fundamental fairness requires remand for proper admonishments. And the defendant need not show that the improper admonishments prejudiced him in some particular way. So let me explain how the improper admonishments in this case put Sadiq at risk of losing completely his right to appeal from the judgment that was centered upon probation revocation. As I mentioned, the judge did not tell Sadiq that he needed to file a notice of appeal within 30 days in order to preserve his right to appeal. Now, Rule 605A obliged the judge to tell Sadiq that he needed to file a notice of appeal within 30 days in order to preserve his right to appeal from that judgment. The judge did not tell Sadiq anything like that. If a judge fails to tell the defendant what he must do in order to preserve his right to appeal, that defendant is put at risk of completely losing his right to appeal. In other words, if someone is not told how he can preserve a particular right, he is at risk of losing that right. Now, because these improper admonishments puts Sadiq at risk of completely losing his right to appeal from that particular judgment, strict compliance with Rule 605A was necessary and fundamental fairness now requires remand for proper admonishments. Perhaps I should move directly to the issue that I raised in the original brief. That issue concerns Sadiq's sentence to the Illinois Department of Corrections. You may recall a jury found Sadiq guilty of unlawful possession of cannabis. A while later, the judge held a sentencing hearing and sentenced Sadiq to probation. Just a few months later, the state filed a petition to revoke that probation. A couple of amended petitions to revoke probation followed. Then the parties, Sadiq, his attorney, and the prosecutor, appeared before the judge with an agreement. Sadiq would admit to violating his probation, the probation would be revoked, and he would be sentenced to imprisonment in the Department of Corrections for 18 months, consecutive to an anticipated but not yet imposed sentence in federal court. The defense attorney explained at that hearing that Sadiq had pleaded guilty to the offense in federal court but was awaiting sentencing in federal court. So the judge, the Circuit Court of Marion County, went along with that agreement and sentenced Sadiq to 18 months in prison, consecutive to the anticipated but not yet imposed federal sentence. This court, back in 1977, decided a case called People v. Clark, cited in my brief. In that case, People v. Clark, this court said, "...an Illinois circuit court judge has no power to impose a sentence to run consecutively to an anticipated but as yet unimposed sentence in another jurisdiction." For that proposition, this court cited a decision from the Illinois Supreme Court from 1971, People v. Fleming v. Haight. So that's my key bit of law in regard to this issue. "...an Illinois circuit court judge has no power to impose a sentence to run consecutively to an anticipated but as yet unimposed sentence in another jurisdiction." And that's what happened here. The Circuit Court of Marion County imposed the DOC sentence and made it consecutive to this anticipated but as yet unimposed federal sentence. By the way, he continues to serve that federal sentence now. He's in federal prison. I'm sorry. What did you say? I missed that. Sorry. I spoke too quickly and too softly. Just in case the court was wondering, Sadiq is currently serving his sentence in the federal prison. And did he serve yet the Illinois sentence? No. That's the whole issue? Yes. Okay. I wanted to know if he were trying to get it taken off the other way. Okay. So when is he due to be released? It's years from now. He had a 336-month sentence. I hadn't calculated exactly when. It's not this year or next year. But if the Illinois court had not put that condition, the consecutive condition on it, would not it have been presumed and the federal court, when it had been sentenced, wouldn't the Illinois sentence be presumed to run consecutively if there was no indication otherwise? Yes. However, under, I think the section is 5-A-4 of the Unified Code of Corrections, Sadiq would have the opportunity to petition the court to make his sentence concurrent with the federal sentence. But that was part of his negotiated deal, so to speak, wasn't it? Yes. Even though it was inappropriate, the negotiation was for a consecutive sentence. Yes. And you're saying, go ahead. I am saying that the Circuit Court of Merritt County, or any circuit court in Illinois, does not have the authority to make the sentence consecutive to another jurisdiction's sentence that is anticipated but not yet imposed. And at the time the Circuit Court of Merritt County sentenced Sadiq, the federal sentence was anticipated but not yet imposed. Do you have a waiver from him since it was an agreed sentence? Judge, now this time I did not hear what Your Honor said. I'm sorry. I've been fighting it, Gould. Did, since this was an agreed sentence, do you have a waiver problem? Oh, the basic argument being, you know, if he went along with it then and asked the court to go along with it, how can he complain about it now? That's a fair characterization. Thank you. He can complain about it now, and it was wrong, it is wrong, and this court can do something about it because the circuit court did not have the authority to enter that type of order. In other words, the order is void. Can't we just strike that part of the order then? Yes, and that's what I'm asking this court to do, to strike that part of the order. There's only one part of this order that is improper or illegitimate or void, and that's the part that makes the sentence consecutive to the anticipated but not yet imposed federal sentence. Okay, if we strike that part of the order, then what is the practical effect of that, in your opinion? Then, according to the four corners of the circuit court's sentencing order, there would be no requirement for consecutive sentencing, and then Sadiq would be free to ask the federal court to make the sentences concurrent, and I think it would be much easier for him to do that and to win in federal court without this statement in the Illinois court's order that it must be consecutive. Well, let me ask a question about that. This is a state sentence, not a federal sentence. Wouldn't he have to ask the circuit court to make it concurrent rather than the federal court? Oh, yes, he can petition the circuit court for that. Okay. Are there no other questions? I don't believe there are any other questions. Thank you, Counsel. Counsel? Your Honors, Counsel, the prefatory matter that governs this whole appeal is the issue of jurisdiction. It doesn't matter whether the defendant's sentencing order is void or not. This court can't grant any relief if this court has no jurisdiction because the circuit court had no jurisdiction. This is the holding of flowers that explains, yeah, a void order can be attacked at any time, but it has to be attacked in a proceeding in which the court has jurisdiction, and that's where this thing falls apart. The court below found there was no jurisdiction. The defendant was originally convicted in 1994 and sentenced to probation, and in 1996 he admitted a probation violation and was sentenced and sought and induced the court to impose that 18-month sentence to be served consecutive. And all the parties knew, and the court knew, that the federal sentence had not been imposed yet. Thirteen years later, almost 13 years later, he files a direct attack on his sentence. The court below found there was no jurisdiction. There was no jurisdiction. There's no vehicle to attack 13 years later a sentence. And this court's review is basically confined to was the court below correct to find there was no jurisdiction? And if this court finds there was no jurisdiction, there's no vehicle for reaching any void order or any error that might appear a record because this court has no jurisdiction if the circuit court had no jurisdiction to reach any of those issues. So that's the first thing this court needs to decide is the issue of jurisdiction. Now, this court should find that the court below was wrong, that there was no jurisdiction, and that the court should have entertained the motion. There's still no basis for reversal. Henderson, which the descendant cites in his supplemental brief, holds that where there's been an imperfect 605A admonition, that remand is only required where there's been prejudice or a real denial of justice. Now, the court below didn't admonish him perfectly, and it looks like the court below admonished him more according to Section B than Section A. But the pertinent thing is the court below did not admonish the defendant that he could do nothing for 13 years. The court below admonished him that he had to do something within 30 days, and the defendant did nothing at all for 13 years. The defendant would not have been prejudiced had he followed the admonitions that he was given by the court, that is, to file a motion attacking the sentence, because, one, he was permitted to do so in 1996 by statute, and if he had done so, then the time for his filing a notice of appeal would have been held in abeyance until that motion was decided. And then he would have been, and his appeal rights were not, basically his appeal rights were not prejudiced by the court's imperfect admonition. If the defendant had followed that, then we wouldn't be here today in this position. The defendant is only prejudiced because he utterly failed to follow any admonition that was given by the court, and he failed to do anything for 13 years. That's why we're here. It's not because of the court's imperfect admonition. And he was admonished that he had to do something within 30 days. Now, and as I said, he was allowed by statute at that point in time in 1996 to file a motion attacking his sentence. He failed to do anything, and therefore, you know, the prejudice he suffered is prejudice from his own inaction, not from the admonition. Therefore, there's no basis for remanding his proper admonitions at this point in time. Now, as to the sentence itself, as I pointed out, it was the defendant who pled guilty and agreed to this sentence, and they informed the court, and the court knew that the federal sentence had not been imposed yet, but he had been convicted. And technically, it's improper to impose a sentence that should be concurrent to a sentence that does not yet exist. However, the defendant was the one who procured and sought and induced the court to impose this sentence, and at this point in time, he can't complain about that because he induced the court to do what the court shouldn't do. And in any event, the court's order was not void. The court could have made the sentence concurrent or consecutive. And it is presumed, you know, if you look at the statute that was in effect at that point in time, which is 730 ILCS 5-5-8-4A, it points out that the court may order the Illinois sentence to be made concurrent upon application by the defendant. But otherwise, according to case law, it's presumed that an Illinois sentence that is imposed first and then there's a subsequent federal sentence, it is presumed it will be consecutive. So there's no voidness problem with this. It was going to be presumptively consecutive anyway, and the defendant would have to ‑‑ yeah. It was presumptively consecutive, but would it have to be a sentence already in existence in order to be presumed consecutive? It says, when a term of imprisonment is imposed on a defendant by an Illinois circuit court and the defendant is subsequently sentenced, dot, dot, dot, by a district court of the United States. So no, it doesn't have to be. It has the word subsequently, so no. So that would leave open the option that he could apply for a concurrent sentence. Yes, yes. Ordinarily, he could apply, except by the terms of his agreement, he agreed that it should be made consecutive. So he's stopped from complaining about that now. And unless there are any questions, I'll ask the court to dismiss this, well, to affirm the court below finding no jurisdiction. I don't believe there are. Thank you, counsel. Counsel? Excuse me. Yes, Your Honor. Thank you. Let me make three points. First of all, as I read the statute, section 5‑A‑4 of the Unified Code of Corrections, the circuit court can make its sentence concurrent with federal sentence. But it says here, when a term of imprisonment is imposed on a defendant by an Illinois circuit court, and the defendant is subsequently sentenced to a term of imprisonment by another state or by a district court of the United States, the Illinois circuit court which imposed the sentence may order that this Illinois sentence be made concurrent with the sentence imposed by the other state or district court of the United States. It seems to me there has to be an actual sentence already imposed by the federal district court in order for the circuit court of Illinois to act. I don't think that if the federal court has not yet imposed the sentence, the Illinois circuit court does not have the authority to make the sentence consecutive, too. What do you do with the word subsequently? How do you deal with the word subsequently? As I read it, that means after the federal court imposes the sentence, the circuit court can do something about it. Right. Okay. But wouldn't that have to be by timely application to the circuit court for modification of the sentence? Yes, and I think that he can, it has to be done within a certain amount of time of the judgment or within 30 days of the transfer of custody from the federal system to the state system. So he would have that opportunity. I think his path would be much more clear if he could just have this improper, this void part of the sentence eliminated. And frankly, also, that particular part of the sentencing order is void and it should be eliminated, vacated, just for the sake of eliminating a void order. Thank you, counsel. Oh, are you? Okay. I thought you were done. The state is arguing that the circuit court had no jurisdiction and therefore the appellate court has no jurisdiction. And for that proposition, the state relies largely on the people versus flowers from 2002, a decision of our Supreme Court. I just wanted to point out, in flowers, the court makes a big distinction between a pleading or motion that is part of the old proceeding and a pleading or motion that creates a whole new proceeding. In flowers, the defendant filed long after the 30-day filing deadline a Rule 604D motion to reconsider sentence. The court had lost jurisdiction after, you know, 30 days after the sentencing, but still, months later, she filed a 604D motion to reconsider sentence. And the circuit court, for whatever reason, heard that motion on the merits and decided on the merits. And she appealed from that ruling. The defendant, that is, appealed from that ruling. And the appellate court went ahead and considered the matter on the merits and decided on the merits. And then when it got to the Illinois Supreme Court, that court said neither one of you courts should have considered this matter. A Rule 604D motion to reconsider sentence is just a continuation of the criminal case that had been going on all along. And then the Illinois Supreme Court says she can file something like a post-conviction petition, which constitutes a whole new proceeding, and she can make her argument, make her claim there. She just can't do it in this 604D motion that's a continuation of the old proceeding. Sadiq filed something that really is, really does constitute a new proceeding, not just a continuation of the old one. Now, he labeled his motion very badly. It's just a ridiculous label. But as the Illinois Supreme Court reminded us in the case called Sarkissia v. Chicago Board of Education, in order to determine the character of a pleading or motion, you don't look at how the party labeled it. You look at the content of the pleading or motion. And here I think it's clear from the content of Sadiq's pleading that he was trying to attack a void order. And this really was a motion under Section 2-1401 of the Code of Civil Procedure. This is in Sarkissia. I forget how the Chicago Board of Education labeled its motion, but the Illinois Supreme Court said that thing, based on its content, is a 21401 motion regardless of what it says. And that's a legitimate way of attacking this supposedly void order. So they let the Chicago Board of Education go proceed with that. And I think that this Court should allow Sadiq to proceed with that. It really was, as the Court said, a motion to attack a void order is a Section 21401 petition. Thank you, counsel. Thank you. Thank you for giving me a few extra seconds. That's quite all right. Thank you. We appreciate the briefs and arguments of both counsel. We will await your response if you decide to file one. And we'll take the case under advisement. The Court will be in a short recess.